The petitioners are to have partition, as prayed for.

———

### Zenas M. Larned *vs.* Simon Larned.

In an action of trespass *quare clausum fregit*, the defendant set up, as a defence, a right of way over the plaintiff's close, and offered evidence that, for more than forty years, a circuitous way had been used by the public across said close and the closes of the adjoining owners, with their knowledge and consent, and that about eight years before the alleged trespass, the course of the way through the plaintiff's close was changed, with the knowledge and consent of the plaintiff's grantor, the plaintiff, the defendant, and the other owners of the lands through which it passed — the termini remaining the same; and that, since that time, there had been the same use of the new way that there had formerly been of the old way. *Held,* that this evidence was fully competent to prove a dedication of the new way by the plaintiff's grantor, and that it was assented to by the plaintiff and defendant.

Trespass for breaking and entering the plaintiff's close

At the trial in the court of common pleas, before *Merrick*, J. in December 1845, the plaintiff's ownership and possession of the close, under a deed from John Larned, dated June 11th 1841, and the defendant's entry thereon, after having been forbidden by the plaintiff, were admitted by the defendant, who set up, as a defence, a right of way over the close, and a license to enter thereon.

For the purpose of showing a right of way by user or dedication, the defendant offered to prove that, for more than forty years, a way had been used by the public, across the plaintiff's close and the closes of the adjoining owners, with the knowledge and consent of the owners thereof: That in the year 1837, the course of the way through the plaintiff's close was changed, with the knowledge and consent of the plaintiff, the defendant, and John Larned, the plaintiff's grantor, who then

owned said close, and of the other owners of the land over
which it passed — the termini remaining the same : That
since that time, there had been the same use of the new way
that there had formerly been of the old ; and that the alleged
trespass was a passing in said new way.

The judge ruled that a dedication could not be presumed
from a user of eight years, and that said evidence was inad-
missible. The jury returned a verdict for the plaintiff, and
the defendant alleged exceptions to the judge's ruling.

*Bowman*, for the defendant, cited *Stedman* v. *Inhabitants
of Southbridge*, 17 Pick. 162. *Valentine* v. *City of Boston*,
22 Pick. 75. *Hill* v. *Crosby*, 2 Pick. 466. *Hobbs* v. *Inhab-
itants of Lowell*, 19 Pick. 409, and cases there referred to.
*Rex* v. *Lloyd*, 1 Campb. 260. *Barclay* v. *Howell*, 6 Pet.
498. *Mayor, &c. of New Orleans* v. *U. States*, 10 Pet. 662.
*The State* v. *Trask*, 6 Verm. 355. *Poole* v. *Huskinson*, 11
Mees. & Welsb. 827. 2 Greenl. on Ev. § 662. *Farnum* v.
*Platt*, 8 Pick. 339. *Horne* v. *Widlake*, Yelv. 142.

*F. H. Dewey*, for the plaintiff. The defendant cannot
defend on the ground of mere user ; for twenty years' adverse
user is necessary to gain a right of way. *Arnold* v. *Stevens*,
24 Pick. 106. *Sargent* v. *Ballard*, 9 Pick. 254. *Gayetty* v.
*Bethune*, 14 Mass. 49. *Commonwealth* v. *Inhabitants of
Newbury*, and *First Parish in Gloucester* v. *Beach*, 2 Pick.
51, 60 *note*. The passing on the new line of way, for eight
years, has been permissive only, and is not evidence of a dedi-
cation ; especially as the plaintiff has owned his close only
half of that time.

The only question is, whether a change of the course of a
way, by the owner of the land over which it passes, authorizes
a passenger to go upon the new line, after being forbidden by
such owner. The plaintiff could not have assented to the
new line of way in 1837, for he was not the owner of the
land until 1841. The right of the public to pass over the old
line is still unimpaired. Yelv. (Amer. ed.) 142, *note*.

HUBBARD, J. Though it was formerly doubted, by learned
judges, whether a way was ever made by dedication, in this

Commonwealth, yet it is now definitively settled that a way may be established by dedication of the owner of the soil, with the assent of those who are interested in the way. And this is true not only of a highway, but ·of a town way, or private way.

In the present case, we think it was competent for the defendant to show a dedication of the way by the owner of the land. And while it is true that mere user will not prove a dedication, it is equally true that length of use is not a necessary element without which a dedication cannot be proved ; (8 Met. 243 ; 2 Greenl. on Ev. § 662 ;) and that it may be proved by express dedication, or by unequivocal acts and cir· cumstances from which the same may be clearly inferred.

The defendant offered to prove that an ancient way, which was circuitous, existed across the plaintiff's close, and that, for eight years, the way was so far changed as to straighten it — the termini remaining the same ; and that this change was made by the then owner of the close, and the present plaintiff and defendant, who then, as now, used the way. We entertain no doubt that such evidence would be fully competent to prove a dedication of the new way, by the owner of the soil, as made by him for the very purpose of being used instead of the old way, and that it was assented to by the plaintiff and defendant ; and that the learned judge erred in excluding the evidence. It is no answer for the plaintiff to say, "this was done by my grantor, and I do not now assent to it." The question is not what the plaintiff now assents to or refuses ; but whether the then owner of the soil dedicated the way. If he did, and if the plaintiff is injured, his redress is upon the covenants of his grantor, and not by shutting up the way. Nor is it sufficient for the plaintiff to say that other persons may choose to travel over the old way, and therefore he has a right to shut up the new. Such a conclusion does not follow. It may be that other individuals may not be precluded from travelling the old way ; yet we think the plaintiff is himself estopped to deny that his grantor did dedicate the new way.  *New trial granted.*